UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD C. FOX,

    Plaintiff,

vs.

CLEANNET OF SOUTH FLORIDA, INC.,

    Defendant.

CASE NO. **05-60881 CIV-COHN**

Magistrate Judge

**MAGISTRATE JUDGE SNOW**

**FLSA OVERTIME COMPLAINT**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "Act") against Defendant for overtime violations of the Act.

## A. INTRODUCTION TO THE FLSA CLAIMS

2. From September 2002 through July 2004, Plaintiff worked for Defendant in an area encompassing Broward County, Palm Beach County and Miami-Dade County, Florida in the position where he serviced Defendant's accounts. Defendant gave Plaintiff the title of "Quality Control Manager," even though Plaintiff did not supervise anyone, and paid him a salary of $500 to $525 per week no matter how many hours that he worked.

3. On average, Plaintiff worked 50 hours per week. As such, for the 98 work weeks that Plaintiff worked for Defendant, he is owed the total amount of $6,272.00 ($6.40 unpaid overtime amount x 10 OT hours x 98 work weeks) in unpaid overtime plus an equal amount in liquidated damages.



4. Defendant is subject to the Act and it is within the jurisdiction of this Court and, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## C. VENUE & JURISDICTION

5. This action is brought by Plaintiff to recover from Defendant unpaid overtime, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

7. By reason of his employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described herein which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his job duties and functions was engaged in commerce.

8. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANT

9. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-8 above.

10. Plaintiff worked more than forty (40) hours per work week and Defendant did not pay Plaintiff any overtime pay.

11. Based on ¶10, Plaintiff is entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek for his entire employment with Defendant.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiff for all of his overtime hours in accordance with the Act.

13. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the Act, Plaintiff is entitled to liquidated damages.

14. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which he has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
5040 N.W. 7th St., PH-1
Miami, FL 33126
Tel (305) 441-1399
Fax (305) 441-9350

By: _____
    LAWRENCE J. McGUINNESS
    Fla. Bar No. 814611

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald C. Fox

## DEFENDANTS
Cleanneff-05-60881
Fla., Inc.

**05-60881-CIV-COHN**

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward  05-60881-CIV-

**MAGISTRATE JUDGE SNOW**

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence J. McGuinness P.A. 5040 NW 7 St. PH-1 Miami Fl 33126 (305) 441-0899

ATTORNEYS (IF KNOWN)

### (d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §201 et seq.

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: N/A
DOCKET NUMBER: ___

DATE: 5/27/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

$250.00  521,792  05/31/05