UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD C. FOX,

    Plaintiff,

vs.

CLEANNET OF SOUTH FLORIDA, INC.,

    Defendant,

_____/

CASE NO. 05-60881 CIV-COHN

Magistrate Judge Snow



## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CLEANNET OF SOUTH FLORIDA, INC., by and through its undersigned counsel, hereby answers the FLSA Overtime Complaint filed by Plaintiff in this action, as follows:

1. With respect to paragraph number 1, the Defendant admits that this purports to be an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) against the Defendant for alleged violations of the FLSA, but denies that the Plaintiff is entitled to any relief.

2. With respect to paragraph 2, the Defendant admits only that Plaintiff worked for Defendant in South Florida in a position were he oversaw, managed and serviced Defendant's accounts. Defendant denies the remaining allegations of said paragraph and demands strict proof thereof.

3. With respect to paragraph 3, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

4. With respect to paragraph 4, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

5. With respect to paragraph 5, the Defendant admits only that the Plaintiff purports to bring an action to recover certain damages, cost and attorney's fees from the

NON-COMPLIANCE OF S.D. fla. L.R. 5.1/A.2



Defendant, but denies that the Plaintiff is entitled to any such relief and demands strict proof thereof.

6. With respect to paragraph 6, the Defendant admits the allegations for jurisdictional purposes only but denies that Plaintiff is entitled to any relief from this court.

7. With respect to paragraph 7, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

8. With respect to paragraph 8, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

## COUNT I

9. With respect to of paragraph 9, the Defendant restates and realleges all of its responses contained in paragraphs 1 through 8 above.

10. With respect to paragraph 10, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

11. With respect to paragraph 11, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

12. With respect to paragraph 12, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

13. With respect to paragraph 13, the Defendant denies the allegations of said paragraph and demands strict proof thereof.

14. With respect to paragraph 14, no response is required.

15. All allegations of the complaint which are not admitted, denied or otherwise controverted herein, are hereby denied.

## AFFIRMATIVE DEFENSES

16. As and for its First Affirmative Defense, the Defendant states that Plaintiff's claims, if any, are barred by the applicable Statute of Limitations of FLSA to the extent of any time period greater than 2 years prior to the initiation of this lawsuit.

17. As and for its Second Affirmative Defense, the Defendant states that Plaintiff is not covered by the overtime wage provisions or other provisions of the FLSA or is otherwise exempt from those provisions because, *inter alia*, Plaintiff was employed by Defendant in a *bona fide* executive, administrative or professional capacity.

18. As and for its Third Affirmative Defense, the Defendant states the Plaintiff has failed to mitigate his damages and is therefore barred from any recovery.

WHEREFORE Defendant, CLEANNET OF SOUTH FLORIDA, INC., demands judgment that the Plaintiff take nothing by this action, that the Defendant go hence without day, for costs of this action, and for such other and further relief as this court deems just and proper.

Dated: June 20, 2005.

Simon Sigalos & Spyredes, PA
120 East Palmetto Park Road, Suite 100
Boca Raton, Florida 33432
(561) 447-0017

George L. Sigalos, Esq.
Florida Bar No. 782432

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via U.S. mail to: Lawrence J. McGuinness, P.A., 5040 N.W. 7th Street, Miami, FL 33126, Attn: Lawrence J. McGuiness, this 20th day of June, 2005

_____
George L. Sigalos, Esq.